IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHEN R. WINN, | § | |
| | § | |
| Defendant Below, | § | No. 480, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | Court Below—Superior Court |
| STATE OF DELAWARE, | § | of the State of Delaware, |
| | § | in and for New Castle County |
| Plaintiff Below, | § | Cr. ID No. 0103012308 |
| Appellee. | § | |
| | § | |

Submitted: October 20, 2015
Decided: December 11, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 11th day of December 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Stephen R. Winn, filed this appeal from an August 19, 2015 Superior Court order denying his motion for reargument.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Winn's opening brief that his appeal without merit.  We agree and affirm the denial of Winn's motion for reargument.

(2)     The record reflects that, in February 2002, a Superior Court jury found Winn guilty of Rape in the First Degree, Kidnapping in the First Degree,

Assault in the Third Degree, Criminal Contempt of a Protective Order, and Terroristic Threatening. Winn was sentenced to total non-suspended time of forty-seven years of Level V incarceration, followed by probation. This Court affirmed the Superior Court's judgment on direct appeal.[1] We also affirmed the Superior Court's denial of three motions for postconviction relief that Winn filed under Superior Court Criminal Rule 61 ("Rule 61").[2] The motions included ineffective assistance of counsel and prosecutorial misconduct claims.

(3) On May 5, 2015, Winn filed a document titled "Motion Requesting for Evidentiary Hearing" in which he again attacked his convictions on the basis of ineffective assistance of counsel and prosecutorial misconduct. A motion under Rule 61 is the exclusive remedy for setting aside a conviction.[3] The May 5, 2015 motion constituted Winn's fourth motion for postconviction relief under Rule 61. In an order dated July 7, 2015, the Superior Court denied Winn's motion on the grounds that Winn asserted ineffective assistance of counsel claims that had previously been addressed by the Superior Court.

(4) Winn then filed a motion for reargument. In the motion, Winn argued that his counsel was ineffective for failing to call the witnesses who submitted the affidavits attached to Winn's May 5, 2015 motion. Winn also argued that the

---

[1] *Winn v. State*, 2003 WL 1442468 (Del. Mar. 19, 2003).

[2] *Winn v. State*, 2014 WL 67188 (Del. Jan. 7, 2014); *Winn v. State*, 2010 WL 1544167 (Del. Apr. 2010); *Winn v. State*, 2005 WL 3357513 (Del. Dec. 8, 2005).

[3] Supr. Ct. Crim. R. 61(a)(2).

Superior Court erred in denying his request for different counsel before trial because he was unable to represent himself and his counsel insisted upon deciding which witnesses to call. In an order dated August 19, 2015, the Superior Court denied Winn's motion. The Superior Court held that decisions regarding which witnesses to call are within the realm of counsel's professional responsibility, the motion for reargument was without merit, and Winn raised issues previously addressed by the Superior Court. This appeal followed.

(5) On appeal, Winn argues that the Superior Court erred because he did not raise ineffective assistance of counsel claims in his May 5, 2015 motion, but instead argued that the Superior Court erred in denying his pre-trial motion for appointment of new counsel. Winn is incorrect. Winn raised ineffective assistance of counsel claims in his May 5, 2015 motion, but did not argue that the Superior Court erred in denying his pre-trial motion for appointment of counsel. A movant cannot raise new arguments in a motion for reargument.[4]

(6) To the extent Winn claims he is entitled to relief because he attached two affidavits[5] to his May 5, 2015 motion that he claims established reasonable doubt of his guilt, the proffered testimony regarding the victim's drug use and relationship with Winn does not constitute new evidence creating a strong

---

[4] *See, e.g., Maravilla-Diego v. MBM Constr. II, LLC*, 2015 WL 5055955, at *1 (Del. Aug. 27, 2015); *State v. Kwalalon*, 2015 WL 4638911, at *3 (Del. Aug. 3, 2015).

[5] We do not consider the third affidavit Winn submitted with his opening brief because it was not before the Superior Court at the time of the denial of the motion for reargument. Supr. Ct. R. 8.

inference that Winn was actually innocent of the underlying charges.[6]  The May 5, 2015 motion—Winn's fourth motion for postconviction relief—was therefore subject to summary dismissal.[7]  Accordingly, the Superior Court did not err in denying Winn's motion for reargument.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] Super. Ct. Crim. R. 61(d)(2) (providing that any second or subsequent postconviction motion under Rule 61 "shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid").

[7] *Id.*